**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DEMITRIUS COLEMAN,

    Petitioner,                Case No. 2:19-CV-12898
                                  HONORABLE DENISE PAGE HOOD

v.

J.A. TERRIS,

    Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Demitrius Coleman, incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he challenges his security classification by the Bureau of Prisons' (BOP). For the reasons stated below, the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is DENIED.

**I. Background**

Petitioner pleaded guilty in the United States District Court for South Carolina to two counts of using or carrying a firearm during and in relation to a crime of violence (carjacking), in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. Petitioner was sentenced to 384 months in prison.

1

Petitioner's conviction was affirmed on appeal. *United States v. Boyce,* 177 F. App'x 286 (4th Cir. 2006).[1]  Petitioner also filed a motion to vacate sentence under 28 U.S.C. § 2255, which was denied. *Coleman v. United States,* No. 4:04-cr-00482, 4:16-cv-020407-TLW (D.S.C. Feb. 16, 2019).

The Bureau of Prisons, following the procedures contained in Program Statement 5100.08, Inmate Security Designation and Custody Classification, determined that petitioner's offense behavior was of the greatest severity, and designated him to the United States Penitentiary in Pollock, Louisiana on July 19, 2005. (Respondent's Ex. 2: Inmate History; Ex. 3: Male Custody Classification Form)(ECF No. 11-3, PageID.84-85, ECF No. 11-4, PageID.86).  In making this determination, the Designation and Sentence Computation Center (DSCC) relied on petitioner's presentence investigation report which indicated that petitioner brandished and threatened to use a weapon. (Respondent's Ex. 4: Security/Designation Data)(ECF No. 11-5, PageID.87).

While incarcerated at the Federal Correctional Institution in Oxford, Wisconsin, petitioner filed a request for administrative remedy to the warden. (Respondent's Ex. 5: Administrative Remedy Records)(ECF No. 11-6, PageID.88).  Petitioner asked that the offense severity on his custody

---

[1] Mr. Boyce was petitioner's co-defendant.

classification be changed from "greatest" to "moderate." Petitioner argued that he was not convicted of a "crime of violence," because a § 924(c) offense involving a firearm is not itself a crime of violence and the predicate carjacking offenses that petitioner had originally been charged with were dismissed. The warden denied petitioner's request because the presentence report established that petitioner participated in two carjacking incidents in which he robbed the victims at gunpoint and threatened to kill them.

Petitioner appealed the warden's denial to the regional office for inmate appeals. Petitioner argued for the first time that the BOP should have reviewed the statement of reasons portion of his judgment to ensure that petitioner was being evaluated correctly. The regional director denied the appeal on July 18, 2018. (ECF No. 11-6, PageID.92).

Petitioner's final administrative appeal was denied on December 21, 2018. In denying the appeal, the administrator for national inmate appeals concluded that petitioner's offense severity was appropriately scored as "greatest" in accordance with the guidelines set forth in PS 5100.08, finding that petitioner's act of brandishing and pointing a firearm at the victims he carjacked "could have easily resulted in loss of life." (ECF No. 11-6, PageID.88).

3

Petitioner seeks a writ of habeas corpus on the following ground: the Bureau of Prisons did not accurately determine the severity offense level for petitioner's custody classification, in that the BOP erroneously assessed petitioner's offense behavior as being the greatest severity level.

## II. Discussion

Petitioner seeks habeas relief on his claim that the BOP's custody classification is inaccurate, because the BOP determined that petitioner's security level should be at the greatest severity level. Petitioner claims that the assessment is inaccurate because the BOP made this determination based on conduct that petitioner had not been convicted of, namely, the carjacking offenses. Petitioner also argues that it was improper for the BOP to use facts from the pre-sentence investigation report to make this determination.

The Bureau of Prisons has the authority to designate the place of an inmate's confinement. 18 U.S.C. 3621(b). The BOP's Program Statement 5100.08 contains over 100 pages of factors that are used to determine a federal prisoner's security level. One of the elements used to determine a prisoner's custody classification is the "severity of current offense" score. *Id.* at Chapter 4, pp. 7–8. This is used in determining the "inmate's security level." *Id.* at pp. 5, 7. The severity of an inmate's current offense is

determined by using the offense severity scale. *Id.* at p. 7; Appendix A. A federal prisoner is given points based on the most severe documented instant offense behavior "regardless of the conviction offense." *Id.* at p. 7. Offenses involving "brandishing or threatening use of a weapon" are considered "greatest severity" offenses on the offense severity scale. *Id.*, Appendix A, p. 1. In making a determination regarding the inmate's security designation, the Designation and Sentence Computation Center staff looks at the presentence investigation report and judgment, including the statement of reasons, if available. *Id.*, Chapter 3, p. 1.

An inmate has no constitutional right to any particular placement or custody classification. *See Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976)(inmates have no liberty interest in being free from transfers to less desirable prisons); *Olim v. Wakinekona*, 461 U.S. 238 (1983)(an inmate has no justifiable expectation to be housed in any particular state or facility; place of confinement is a discretionary decision by prison authorities; transfers do not implicate a liberty interest protected by due process); *Meachum v. Fano*, 427 U.S. 215 (1976)(inmates enjoy no liberty interest in confinement in a particular prison). Since there is no liberty interest in custody classification, petitioner's due process claim must be denied.

The Sixth Circuit has held that a federal prisoner's challenge to his custody classification is not a cognizable claim under 28 U.S.C. § 2241. *See Bazuaye v. Bogan*, 19 F.3d 18, 1994 WL 75895, *2 (6th Cir. Mar. 8, 1994)(prisoner's claim that he was denied a minimum security classification was not a cognizable claim under 28 U.S.C. § 2241)(citing *Olim* and *Newell v. Brown*, 981 F.2d 880, 883 (6th Cir. 1992)). Other circuits have reached the same conclusion. *See Cohen v. Lappin*, 402 F. App'x 674, 676 (3d Cir. 2010)(federal prisoner's challenges to his security designation and custody classification could not be brought under federal general habeas statute, since they did not challenge basic fact or duration of his imprisonment, and would be more appropriately brought in a *Bivens* action); *Braswell v. Gallegos*, 82 F. App'x 633, 636 (10th Cir. 2003)(district court properly denied federal prisoner's § 2241 petition challenging his classification). The Third Circuit has held that a federal prisoner was not entitled to habeas relief on his claim that he was erroneously assessed a security offense level of "greatest severity" because the petitioner had no due process right to a specific security classification. *See Marti v. Nash*, 227 F. App'x 148, 150 (3d Cir. 2007).

In light of the fact that petitioner does not have a constitutional right to a specific security classification, petitioner's challenge to his security classification is non-cognizable on habeas review.

Under Program Statement 5100.08, any robbery offense is considered a "greatest severity" offense. Petitioner pointed a gun at his victims. Brandishing a weapon is also considered a "greatest severity" offense. ECF No. 2-2, PageID.37, .41, .46.  For purposes of security classification, Program Statement indicates that the BOP should consider "the most severe documented instant offense behavior regardless of the conviction offense." The BOP properly assessed petitioner's security level at greatest severity even if he was not convicted of the carjacking offenses, because the offense behavior surrounding his conviction supported a finding of greatest severity. *See Jennings v. Fed. Bureau of Prisons*, 657 F. Supp. 2d 65, 73 (D.D.C. 2009).  Petitioner is not entitled to relief on his claim.

### III.    ORDER

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is **DENIED.**  Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, *Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004), petitioner need not apply for one with this Court or with the Sixth Circuit

before filing an appeal from the denial of his habeas petition. The Court will grant petitioner leave to appeal *in forma pauperis* because any appeal would be taken in good faith. See *Foster v. Ludwick,* 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

                                                s/Denise Page Hood
                                                Denise Page Hood
                                                United States District Judge

Dated: August 31, 2022